United States District Court
Southern District of Texas
**ENTERED**
December 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HENRY SIMPSON, (TDCJ #00899703), <br><br>*Plaintiff*, <br><br>vs. <br><br>KOLTON STOKER, *et al.*, <br><br>*Defendants*. | § § § § § § § § § § § § § CIVIL ACTION NO. H-25-4488 |

## ORDER DENYING MOTION TO CERTIFY A CLASS

The plaintiff, Henry Simpson (TDCJ #00899703), is a state inmate currently incarcerated at the Pack I Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se* and *in forma pauperis*, he filed a complaint under 42 U.S.C. § 1983, alleging that four employees of the University of Texas Medical Branch violated his civil rights by denying him certain medical care and by taking improper co-payments from his inmate account. (Dkt. 1). On December 1, 2025, the Court ordered Simpson to provide a more definite statement of his claims. (Dkt. 9). Simpson has not yet complied with that order. Instead, he has now filed a motion to certify his action as a class action. (Dkt. 10). This motion is denied for the reasons explained below.

## I. BACKGROUND

On September 22, 2015, Simpson filed a complaint under § 1983, seeking declaratory and injunctive relief based on alleged violations of his civil rights. (Dkt. 1). Because the complaint was not filed on the approved form for prisoner civil-rights complaints, the Court ordered Simpson to file an amended complaint on the proper form. (Dkt. 6). Simpson filed his amended complaint on October 9, 2025. (Dkt. 8).

In his amended complaint, Simpson sues TDCJ employees Kolton Stoker, Susan Odak, L. Tanner-Harrell, and E. Maxxie, all of whom he alleges work at the Pack I Unit. (*Id.* at 3). Simpson alleges that in April 2025, his prescribed medical "rollator" broke. (*Id.* at 4). He alleges that he was prescribed a new rollator and was issued a medical pass to be allowed to have it in his possession. (*Id.*). Simpson alleges that he "re-ordered the exact same one as previously allowed," but defendants Odak, Tanner-Harrell, and Maxxie each refused to allow him to have the rollator when it arrived. (*Id.*). He alleges that the rollator was prescribed by "several expert doctors" and that Odak, Tanner-Harrell, and Maxxie are retaliating against him and denying him his Eighth Amendment right to medical care by refusing to allow him to have and use the prescribed rollator. (*Id.*).

In what appears to be a second claim, Simpson alleges that defendant Stoker has engaged in a scheme to fraudulently collect co-payments for medical visits that

2/8

should be exempt from payment under TDCJ policies. (*Id.*). He alleges that defendants Odak, Tanner-Harrell, and Maxxie have assisted Stoker with perpetrating this allegedly fraudulent scheme. (*Id.*). Simpson admits that at least some of the allegedly improper co-payments were later refunded to him after an investigation. (*Id.*). He contends that these actions violate his Fourth Amendment right to be free from illegal seizures. (*Id.*).

As relief, Simpson asks the Court to order that he be given his prescribed medical rollator, along with compensation and punitive damages. (*Id.*). He does not specify the relief he would like for the allegedly improper co-payments.

Simpson's action is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners seeking relief from the government as soon as feasible after docketing and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e) (providing for the screening of suits filed by persons proceeding *in forma pauperis*). To facilitate this screening, the Court ordered Simpson to file a more definite statement of his claims. (Dkt. 9). This Order included specific questions intended to clarify the factual basis for Simpson's claims against each defendant. (*Id.*). Simpson's response is not yet due, so the required screening is not yet complete.

Simpson has now filed a motion asking the Court to certify this case as a class action. (Dkt. 10). In his motion, Simpson states that inmates Perry Patterson and Michael Hernandez have each filed civil-rights actions in the Southern District of Texas alleging claims against defendant Stoker for fraudulently collecting co-payments for medical visits. (*Id.* at 1). Simpson alleges that the funds are being taken despite notifications to stop, that the funds are being refunded only after investigations that show fraud, and that these facts show that Stoker is deliberately violating TDCJ policy. (*Id.*). Simpson alleges that his claims, along with those of Patterson and Hernandez, raise common questions of law and fact that should be considered together. (*Id.*). Simpson also alleges that "multiple other prisoners" have the same claim and will seek to join the class action. (*Id.* at 2). He asks the Court to certify a class action as to his claims against only defendant Stoker and only as to the "illegally seized co-pay fees." (*Id.*).

## II.    DISCUSSION

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)) (cleaned up). To obtain class certification, a litigant must demonstrate that:

(1)    the class is so numerous that joinder of all members is

    impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

FED R. CIV. P. 23(a); *see also Dukes,* 564 U.S. at 349 (listing the four threshold requirements of numerosity, commonality, typicality, and adequacy of representation for purposes of class certification under Rule 23(a)). In addition, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-14 (1997). The party seeking class certification has the burden to establish that all the required elements are satisfied. *See Gene & Gene LLC v. BioPay LLC,* 541 F.3d 318, 325 (5th Cir. 2008); *O'Sullivan v. Countrywide Home Loans, Inc.,* 319 F.3d 732, 737-38 (5th Cir. 2003). If any one of the requirements is not satisfied, denial of the motion for class certification is warranted.

  Even if the Court assumes that Simpson could meet the first three threshold requirements for class certification, he cannot meet the fourth requirement of adequacy of representation. To meet the adequacy requirement "the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members." *Unger v. Amedisys Inc.,* 401 F.3d 316, 321 (5th Cir. 2005) (citing *Stirman v. Exxon Corp.,* 280 F.3d 554, 562

(5th Cir. 2002)). To adequately protect the interests of others, the class representatives must "possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 482-83 (5th Cir. 2001). Because of this requirement, courts have uniformly prohibited *pro se* litigants from acting as class representatives because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); *see also DeBrew v. Atwood,* 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"); *Aiello v. Collier,* No. 2:21-cv-67, 2021 WL 3176008, at *2 (S.D. Tex. May 17, 2021) (denying a motion for class certification filed by a *pro se* prisoner because he could not show that he could "fairly and adequately protect the interest of the class"); 7A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1769.1 & n.13 (3d ed.) ("[C]lass representatives cannot appear *pro se*.") (collecting cases). It is therefore "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine,* 509 F.2d at 1407.

In addition, even if Simpson had requested the appointment of counsel in his

motion, the Court would deny such a request for two reasons. First, while Rule 23(g) requires a court certifying a class to appoint class counsel, "the purpose of Rule 23(g) is not to enable *pro se* plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate." *Howard v. Pollard,* 814 F.3d 476, 478 (7th Cir. 2015) (per curiam) (emphasis in original). Rule 23(g) is therefore not a means through which a *pro se* litigant may obtain appointed counsel to represent a proposed class. *Id.*

Second, Simpson has not established that he is entitled to the appointment of counsel on his own behalf. There is no constitutional right to the appointment of counsel in civil rights cases. *See Baranowski v. Hart,* 486 F.3d 112, 126 (5th Cir. 2007). A court is not required to appoint counsel unless the case presents exceptional circumstances. *See Naranjo v. Thompson,* 809 F.3d 793, 803 (5th Cir. 2015). To determine whether exceptional circumstances exist, the court considers (1) the complexity of the case; (2) whether the litigant can adequately present his case; (3) whether the litigant can adequately investigate his case; (4) whether skill in the presentation of evidence and in cross examination will be necessary; and (5) whether appointing counsel will aid in the efficient and equitable disposition of the case. *See Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir. 1982).

The pleadings currently before the Court show that the legal issues in Simpson's case are not complex. His filings are generally neatly printed or typed

and show that he is aware of the relevant facts and understands the relevant legal issues. He has ably represented his own interests in the proceedings to date, and his motion does not identify any exceptional circumstance that would require the appointment of counsel at this time. Had Simpson affirmatively requested the appointment of counsel to pursue this action as a class action, his request would have been denied.

Because Simpson cannot properly serve as an adequate representative party in a class action, he has not satisfied the required threshold elements for class certification. His motion to certify this action as a class action is denied.

### III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Simpson's motion to certify a class, (Dkt. 10), is **DENIED**.

2. Simpson is **reminded** that his response to the Order for More Definite Statement must be filed by **December 31, 2025**, or his action may be dismissed without further notice under Federal Rule of Civil Procedure 41(b).

The Clerk will send a copy of this order to Simpson.

SIGNED at Houston, Texas on _____Dec 30_____, 2025.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE